980 So.2d 714 (2008)
Lonnie FRAZIER, Jr., Plaintiff-Appellant,
v.
Jennifer RILEY and Riley Company of Louisiana, Inc., Defendants-Appellees.
No. 42,961-CA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
Rehearing Denied March 13, 2008.
Lonnie Frazier, In Proper Person.
Bleich & Burnett by E. Joseph Bleich, Rushton, for Appellee, Jennifer Riley.
W. Kyle Green, for Appellee, Riley Company of Louisiana, Inc.
Before CARAWAY, MOORE and LOLLEY, JJ.
LOLLEY, J.
Plaintiff, Lonnie Frazier, appeals a summary judgment granted by the Third Judicial District Court, Parish of Lincoln, State of Louisiana, in favor of defendant, Jennifer Riley.[1] For the following reasons, we affirm.

FACTS
In 2005, Jennifer Riley, an attorney, represented Lonnie Frazier, Jr. in a social security case which resulted in Frazier receiving the maximum allowable award in Supplemental Security Income ("SSI") benefits. However, Frazier filed this lawsuit alleging that he was entitled to a lump sum payment and that Riley committed "fraud" during her legal representation. Riley, in her reconventional demand, stated that she was entitled to attorney's fees for legal services from the social security case in the amount of $405.25 as determined by the administrative law judge of the Social Security Administration; and, in her motion for summary judgment argued that there was no legal theory for "fraud" as alleged by Frazier. The trial court granted the motion for summary judgment, and awarded Riley $405.25 together with legal interest from date of judicial demand. This appeal ensued.

*715 LAW AND ARGUMENT
The standard of review for the grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.04/14/04), 870 So.2d 1002. Appellate courts review summary judgments de novo under the same criteria that govern a trial court's consideration of whether or not a summary judgment is appropriate: (1) whether there exists a genuine issue of material fact; and, (2) whether or not the mover is entitled to judgment as a matter of law. Id. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
After a thorough review of the record, we affirm the trial court's judgment. It is clear that Riley provided Frazier with adequate legal representation. Frazier was awarded $603.00 a month in SSI benefits, the maximum amount allowable. During his deposition, Frazier indicated that he understood that he: 1) won the underlying case; 2) owed Riley for her services; and, 3) admitted that he had not paid the awarded attorney's fees. He further indicated that he did not complain to Riley about her legal representation.
Louisiana C.C.P. art. 856 provides, in pertinent part, that when "pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Here, the pleadings do not state with particularity how Frazier was defrauded. In fact, we cannot clearly identify what Frazier asserts in this appeal. Nonetheless, La. Civ.Code art.1953 states that "fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Nowhere in the record does it reflect that Riley misrepresented the SSI payment schedule. Furthermore, the federal government does not allow for a lump sum for SSI benefits. We, like the trial court, do not find that a genuine issue of material fact exists.[2]

CONCLUSION
For the foregoing reasons, we affirm the summary judgment in favor of Jennifer Riley and affirm the award in the amount of $405.25 together with legal interest from date of judicial demand. All costs of this appeal are to be borne by Lonnie Frazier, Jr.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Frazier also brought suit against Riley Company of Louisiana, Inc. However, it was discovered that the company is in no way associated with Jennifer Riley. After filing exceptions of no cause of action and no right of action, Riley Company of Louisiana, Inc. was properly dismissed from the suit. This issue is not on appeal.
[2] We point out that the allegations asserted in Frazier's pleadings border on being malicious and frivolous in nature. The record bears out that Frazier may have made advances toward Riley and in response to her rejection, filed this lawsuit. Also highly suspect is Frazier's veracity. Among other things, Frazier avers that he had a professional baseball career which we are unable to confirm. In short, we question the purpose of this lawsuit.